WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—July, 1886.

CLOSE *v.* SHUTE.

*In the matter of the estate of* GILBERT SHUTE, *deceased.*

The fact that administrators have rendered an account, in proceedings instituted by them to procure a decree directing the disposition of their decedent's real property for the payment of debts, is no answer to a petition, presented by a party entitled under Code Civ. Pro., § 2726, and praying for a judicial settlement.

While a Surrogate's court cannot recognize or enforce an attorney's lien for compensation for services rendered in a special proceeding therein instituted, the rule is otherwise as regards his lien on the amount of a judgment rendered against executors or administrators in another court,—the law (Code Civ. Pro., § 66) in such case operating an assignment *pro tanto* of the amount of the recovery, which must be regarded and respected.

The attorneys for one who had recovered a judgment in the Supreme court,

against the administrator of decedent's estate, for damages and costs,— *Held*, though not creditors of the decedent, to have such an interest in the estate, by virtue of their statutory lien, as to entitle them to institute a special proceeding under Code Civ. Pro., § 2726, to compel a judicial settlement of the administrator's account.

LETTERS of administration on the estate of decedent were granted to Peter Shute on July 27th, 1883. On March 23rd, 1885, David Mead and another, as executors of the will of Israel Peck, deceased, by Close & Robertson, their attorneys, obtained a judgment against the administrator, after a trial upon the merits, in the Supreme court, for $2,207.50 damages, and $201.63 costs. On April 13th, 1885, the administrator presented a petition, under the provisions of § 2750 of the Code, praying for a decree directing the disposition of the decedent's real property for the payment of his debts. The petition also contained a full account of proceedings of the administrator, setting forth also the unpaid debts (aggregating about $2,700), the amount of personal property received, and a balance on hand of about $357. On June 23rd, 1886, Close & Robertson presented a petition, in which they alleged that the costs of said action belonged to them, and also other necessary facts, and praying for a judicial settlement of the account of the administrator, and that a citation issue requiring him to show cause why he should not render and settle the same. The citation was issued accordingly.

CLOSE & ROBERTSON, *in person.*

HERMAN H. SHOOK, *for administrator.*

THE SURROGATE.—The first question presented for consideration is—what interest have Close & Robert-

son, the attorneys for the plaintiffs who obtained a judgment in the Supreme court against the administrator, in the estate which he represents. They are not creditors of the intestate. The costs they claim have accrued since his death. Of course, unless it shall appear that they have an interest in the estate they cannot institute this proceeding. I think, however, that they have such interest. The statute gives them a lien, in that court, on the amount of the recovery for their costs. While no such lien can be recognized for services rendered by an attorney in this court, as was held in the case of Smith v. Central Trust Co. (*ante*, p. 75), yet such a lien established elsewhere must here be regarded and respected. The law creating this lien of the attorney operates an assignment, *pro tanto*, of the amount of the recovery, and § 2743 of the Code directs the Surrogate to decree payment to an assignee of a claim. The petitioners are, therefore, considered proper parties to this proceeding.

The counsel for the administrator objects that his client should not thus be compelled to render an account of his proceedings again, inasmuch as he fully rendered such account in his application to dispose of the intestate's real estate for the payment of his debts. It is true that an account was thus rendered, but its sole object was to enable the petitioner to comply with the requirements of subd. 4 of § 2752 of the Code, and thus to show a necessity for the disposal of the real estate for the purpose of paying debts. No decree of distribution of the balance on hand could be based upon such an account. The

parties to that proceeding were not cited to attend a judicial settlement thereof, but to show cause why a decree directing the disposal of the real estate should not be made.

As the personal estate is first liable for the payment of debts, funeral expenses and expenses of administration, it would seem to follow that there should be a judicial settlement of the accounts of the administrator, and a decree made distributing, *pro rata*, any balance which may be found in his hands, before proceeding to a decree for the sale of the real estate. How else can the Surrogate comply with subd. 5 of § 2759 ?

I refrain from entering upon other considerations springing from the subject, at this time, deeming the reasons stated sufficient to justify me in requiring the rendering of an account by the administrator.

Ordered accordingly.